

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00807-CV

In the **MATTER OF O.Z**. Jr.

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-JUV-01581
Honorable Laura Parker, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  August 28, 2013

AFFIRMED

The trial court adjudicated O.Z Jr. delinquent for having committed the misdemeanor offense of evading detention. The court's disposition order placed O.Z. Jr. on probation for six months in the custody of his mother. He appeals, arguing the evidence is legally insufficient to support the adjudication order because the attempted detention was not lawful. We affirm.

Steven Salinas testified at the adjudication hearing that he is a police officer with the San Antonio Independent School District and is assigned to the Lanier High School campus. On September 14, 2012, at approximately 12:45 p.m., Officer Salinas and his partner were patrolling the campus area in a marked police vehicle. Officer Salinas testified he saw three boys leaving the campus and walking across the street. Officer Salinas testified he recognized the three as students he saw at the high school on a regular basis. He also testified students were supposed to be on

campus at that time. He identified one of the boys as O.Z. Jr., whose age was stipulated to be fifteen.

Officer Salinas and his partner drove toward the boys, intending to question them about why they were leaving campus. As they approached, the boys turned and looked directly at the patrol car, then started running down the street away from the officers. Officer Salinas turned on the overhead lights and called out over the loudspeaker, "Police. Stop!" However, the boys continued to run, turned the corner, and jumped over a fence. Officer Salinas and his partner pursued and caught up with the boys after several minutes. Officer Salinas arrested O.Z. Jr. for evading detention.

We review the sufficiency of the evidence to support the adjudication by reviewing all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979); *In re K.T.*, 107 S.W.3d 65, 71 (Tex. App.—San Antonio, 2003, no pet.). A person commits the offense of evading detention if he intentionally flees from a person he knows is a peace officer who is attempting lawfully to detain him. TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2012). A warrantless investigative detention is lawful if it is justified by reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App.), *cert. denied*, 132 S. Ct. 150 (2011). A peace officer "has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Id.* "[T]he relevant inquiry is not whether particular conduct is innocent or criminal, but the degree of suspicion that attaches to particular non-criminal acts." *Id.* (quoting *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997)). We determine whether the officer's suspicion was reasonable using an objective standard based on the totality of the circumstances. *Id.* If the police

have reasonable suspicion, they may investigate that suspicion by stopping and detaining the person to check identification, pose questions to the person, and attempt to obtain further information. *Delk v. State*, 855 S.W.2d 700, 710 (Tex. Crim. App. 1993).

O.Z. Jr. argues Officer Salinas did not have sufficient information to have formed a reasonable suspicion, and instead acted merely on a "hunch," which is insufficient to justify a lawful detention. The misdemeanor offense of failure to attend school is committed if the individual is at least twelve years old and younger than eighteen, is required by law to attend school, and fails to attend school ten or more days within a six month period in the same school year or on three or more days within a four-week period. TEX. EDUC. CODE ANN. § 25.094(a) (West 2012). O.Z. Jr. argues that Officer Salinas could not have had reasonable suspicion that he was truant because the officer did not know O.Z. Jr. was enrolled in school or required to be and did not know how many days, if any, O.Z. Jr. had failed to attend school during the previous four weeks or six months.

We do not agree that the officer was required to be in possession of sufficient information to charge O.Z. Jr. with a crime before he could detain him for questioning. Children between the ages of six and eighteen are required to attend school unless they are specifically exempted by law. TEX. EDUC. CODE § 25.085 (West 2012). Officer Salinas recognized the boys as students at Lanier High School, who were required to be in school at the time the officer saw them walking away from campus. When the officers approached and the boys saw the marked police car, the boys started running away from the officers. A rational trier of fact could reasonably conclude from the circumstances, the facts known to Officer Salinas, and the boys' conduct when approached by school district police officers, that Officer Salinas had a reasonable suspicion O.Z. Jr. was committing the offense of failure to attend school.

Reviewing all of the evidence in the light most favorable to the trial court's verdict, we hold a rational trier of fact could have found beyond a reasonable doubt that the attempted detention of O.Z. Jr. was based on reasonable suspicion and therefore was lawful. Accordingly, we overrule O.Z. Jr.'s point of error and affirm the trial court's adjudication and disposition orders.

Luz Elena D. Chapa, Justice